*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0108p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AMERICAN BOOKSELLERS FOUNDATION FOR
FREE EXPRESSION, et al.,
   *Plaintiffs-Appellees/Cross-Appellants,*

   *v.*

TED STRICKLAND,
        *Defendant,*

RICHARD CORDRAY[*], et al.,
   *Defendants-Appellants/Cross-Appellees.*

Nos. 07-4375/4376

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 02-00210—Walter H. Rice, District Judge.

Argued: December 12, 2008

Decided and Filed: March 19, 2009

Before: MARTIN and KETHLEDGE, Circuit Judges; CARR, Chief District Judge.[**]

_____

## COUNSEL

**ARGUED:** Benjamin C. Mizer, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellants. Michael A. Bamberger, SONNENSCHEIN NATH & ROSENTHAL, New York, New York, for Appellees. **ON BRIEF:** William P. Marshall, Michael D. Meuti, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellants. Michael A. Bamberger, SONNENSCHEIN NATH & ROSENTHAL, New York, New York, Jennifer M. Kinsley, H. Louis Sirkin, SIRKIN, PINALES & SCHWARTZ, Cincinnati, Ohio, for Appellees.

---

[*]Richard Cordray, Attorney General of the State of Ohio, has been automatically substituted for Nancy H. Rogers, Interim Attorney General pursuant to Fed. R. App. P. 43(c)(2).

[**]The Honorable James G. Carr, Chief United States District Judge of the Northern District of Ohio, sitting by designation.

---

## ORDER OF CERTIFICATION TO THE
## SUPREME COURT OF OHIO

---

BOYCE F. MARTIN, JR., Circuit Judge.  Plaintiffs sued Ohio's Attorney General and county prosecutors, arguing that Ohio Revised Code § 2907.31(D)(1) is unconstitutional under the First Amendment and Commerce Clause.  The district court permanently enjoined its enforcement "as applied to internet communications," on the basis that it is overbroad and violates the First Amendment.  *Am. Booksellers Found. for Free Expression v. Strickland*, 512 F. Supp. 2d 1082, 1106 (S.D. Ohio 2007).  Defendants appealed; and Plaintiffs cross-appealed the district court's decision that the law is not void for vagueness, nor does it violate the Commerce Clause.

Although neither side addressed the issue of certification in their briefs or at oral argument, for the reasons below we *sua sponte* CERTIFY the questions set forth in II.B. of this order to the Supreme Court of Ohio under to Rule XVIII of the Rules of Practice of the Supreme Court of Ohio.

I.

Plaintiffs, who include publishers, retailers, and web site operators, originally filed a lawsuit in 2002 seeking to enjoin Defendants from enforcing O.R.C. § 2907.01(E) & (J) (2002), which, at that time, prohibited the dissemination or display of "materials harmful to juveniles."  The district court granted a preliminary injunction because the statute's definition of "harmful to juveniles" did not comport with the Supreme Court's test in *Miller v. California*, 413 U.S. 15 (1973), as modified for juveniles in *Ginsberg v. New York*, 390 U.S. 629 (1968).  *Bookfriends, Inc. v. Taft*, 223 F. Supp. 2d 932, 945 (S.D. Ohio 2002).  To determine whether something is obscene, the *Miller* test asks:

> (a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state

law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 872 (1997) (quoting *Miller*, 413 U.S. at 24). Defendants appealed, but before this Court heard the case, the Ohio General Assembly amended the statute in 2003. As a result, this Court remanded the case to the district court.

As amended, Section 2907.31(A) now provides:

> (A) No person, with knowledge of its character or content, shall recklessly do any of the following:
>
> (1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;
>
> (2) Directly offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;
>
> (3) While in the physical proximity of the juvenile or law enforcement officer posing as a juvenile, allow any juvenile or law enforcement officer posing as a juvenile to review or peruse any material or view any live performance that is harmful to juveniles.

Section 2907.01(E) defines "harmful to juveniles":

> (E) "Harmful to juveniles" means that quality of any material or performance describing or representing nudity, sexual conduct, sexual excitement, or sado-masochistic abuse in any form to which all of the following apply:
>
> (1) The material or performance, when considered as a whole, appeals to the prurient interest of juveniles in sex.
>
> (2) The material or performance is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles.

(3) The material or performance, when considered as a whole, lacks serious literary, artistic, political, and scientific value for juveniles.

The two "internet provisions," § 2907.31(D)(1) and (2), provide:

(D)(1) A person directly sells, delivers, furnishes, disseminates, provides, exhibits, rents, or presents or directly offers or agrees to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present material or a performance to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles in violation of this section by means of an electronic method of remotely transmitting information if the person knows or has reason to believe that the person receiving the information is a juvenile or the group of persons receiving the information are juveniles.

(2) A person remotely transmitting information by means of a method of mass distribution does not directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present or directly offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present the material or performance in question to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles in violation of this section if either of the following applies:

(a) The person has inadequate information to know or have reason to believe that a particular recipient of the information or offer is a juvenile.

(b) The method of mass distribution does not provide the person the ability to prevent a particular recipient from receiving the information.

Back in the district court, Plaintiffs amended their complaint to challenge the statute as revised, and in 2003 the parties filed cross-motions for summary judgment. The district court granted both parties' motions in part and denied them in part in 2004, but it did not file its decision until September 2007. It permanently enjoined the enforcement of O.R.C. § 2907.31(D) as applied to internet communications. *Am. Booksellers*, 512 F. Supp. 2d at 1106. The court determined that the law violated the First Amendment because the internet provisions were unconstitutionally overbroad and because the statute failed strict scrutiny. The district court also concluded that the definition of "harmful to juveniles" in the new statute conformed to the *Miller-Ginsburg* standard, and thus rejected Plaintiffs' void-for-vagueness challenge. Finally, the court

also rejected a challenge under the Commerce Clause. Defendants appealed and Plaintiffs cross-appealed.

II.

A. Merits of Certification

The Rules of Practice of the Supreme Court of Ohio provide it with discretion to answer questions of Ohio law certified to it by a federal court. R. of Prac. Sup. Ct. Ohio XVIII. Before certifying a question, however, we must determine that "there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent[.]" R. of Prac. Sup. Ct. Ohio XVIII, § 1. As the Supreme Court of Ohio has explained, "[c]ertification ensures that federal courts will properly apply state law." *Scott v. Bank One Trust Co., N.A.*, 577 N.E.2d 1077, 1081 (Ohio 1991) (per curiam). The United States Supreme Court also recognizes that "certification of novel or unsettled questions of state law for authoritative answers by a State's highest court . . . may save time, energy, and resources and help build a cooperative judicial federalism." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) (internal quotations and alterations omitted).

Federal courts certify questions if an "unconstrued state statute is susceptible of a construction by the state judiciary which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially chance the nature of the problem." *Bellotti v. Baird*, 428 U.S. 132, 147 (1976) (internal quotations omitted). Absent an authoritative interpretation by the state court, "it is impossible to define precisely the constitutional question presented." *Id.* at 148.

Here, the parties fundamentally disagree on the scope of the challenged statute and on the meaning of several of its terms. Resolution of that debate may well determine whether any of the Plaintiffs has standing. Defendants argue that none of Plaintiffs' internet activity falls with the statute's sweep because the statute "does not regulate Web communications, other than such personally directed devices as instant messaging

[commonly referred to as 'IM,'] or person-to-person e-mail." But because "the Attorney General does not bind the state courts or local law enforcement authorities, we are unable to accept [his] interpretation of the law as authoritative." *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 395 (1988); *see Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 338 (6th Cir. 2007). Moreover, the Attorney General has not issued a formal opinion on the scope of § 2907.31(D). Rather, we know his views through the position he has taken in the course of this litigation.

Plaintiffs, on the other hand, contend that § 2907.31(D) exempts a narrower range of internet communication than Defendants admit and regulates webpage communication in certain circumstances. Notably, as Plaintiffs point out, the statute provides no guidance about when a person has "inadequate information" to "have reason to believe that a particular recipient of the information . . . is a juvenile," § 2907.31(D)(2)(a), or has the "ability to prevent a particular recipient from receiving the [harmful to juveniles] information," § 2907.31(D)(2)(b).

Thus, rather than speculate, the better course, in our view, is to provide the Supreme Court of Ohio with the opportunity to interpret the scope of § 2907.31(D)(2)'s exemptions and the statute's coverage. Given our lack of authoritative state-court construction and because the statute appears susceptible to the narrowing construction the Attorney General puts forth, we certify, *sua sponte*, the questions that follow to the Supreme Court of Ohio. *See, e.g. Planned Parenthood Cincinnati Region v. Strickland*, 531 F.3d 406 (6th Cir. 2008) (certifying *sua sponte* questions of state law to Supreme Court of Ohio).

### B. Certified Questions of State Law

We certify the following questions of state law to the Supreme Court of Ohio pursuant to Rule XVIII of the Rules of Practice of the Supreme Court of Ohio:

(1) Is the Attorney General correct in construing O.R.C. § 2907.31(D) to limit the scope of § 2907.31(A), as applied to electronic communications, to

personally directed devices such as instant messaging, person-to-person e-mails, and private chat rooms?

(2) Is the Attorney General correct in construing O.R.C. § 2907.31(D) to exempt from liability material posted on generally accessible websites and in public chat rooms?

### C. The Information Required by Rule XVIII

We provide the following information in accordance with Rule XVIII, § 2(A)-(E):

1. Name of the case: *American Booksellers Foundation for Free Expression, et al. v. Strickland, et al.*

2. Statement of facts: Please refer to § I of this order for a full recitation of the pertinent facts.

3. Name of each of the parties:

a. Plaintiffs-Appellees/Cross-Appellants: American Booksellers Foundation for Free Expression; Association of American Publishers, Inc.; Freedom to Read Foundation; National Association of Recording Merchandisers; Sexual Health Network; Video Software Dealers Association; Ohio Newspaper Association; Web Del Sol;[1] and Marty Klein.

b. Defendants-Appellants/Cross-Appellees: Ted Strickland, Ohio Governor; Richard A. Cordray, Ohio Attorney General; Ron O'Brien, Prosecuting Attorney for Franklin County, Ohio, as a representative of a class of all Prosecuting Attorneys in Ohio.

4. Names, Addresses, and Telephone Numbers of Counsel for Each Party:

a. Plaintiffs-Appellees'/Cross-Appellants' Counsel:

Mr. Michael A. Bamberger
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6756

---

[1]We include Plaintiffs Web Del Sol and Marty Klein and Defendant Ted Strickland in this list because none of them has been formally terminated from the case. We note, however, that they were not included as parties in Plaintiffs' second amended complaint and we express no opinion here as to whether they remain parties to the suit.

Ms. Jennifer M. Kinsley
Mr. Henry Louis Sirkin
Sirkin Pinales & Schwartz LLP
105 W. Fourth Street
Suite 920
Cincinnati, OH 45202-2726
(513) 721-4876

b.  Defendants-Appellants'/Cross-Appellees' Counsel:

Mr. Benjamin C. Mizer
Solicitor General
Office of the Ohio Attorney General
30 E. Broad Street
17th Floor State Office Tower
Columbus, OH 43215-3428
(614) 466-8980

Mr. Nick A. Soulas, Jr.
Prosecuting Attorney's Office for the County of Franklin
373 S. High Street; 13th Floor
Franklin County Courthouse
Columbus, OH 43215-6318
(614) 462-3520

5.  Designation of Moving Party: Although neither side sought certification, we designate Ohio Attorney General, Richard Cordray, and Franklin, County, Ohio Prosecuting Attorney, Ron O'Brien, as a representative for a class of all Ohio prosecuting attorneys—who have collectively been referred to throughout this order as "Defendants"—as moving parties.

### D.  Instructions to the Clerk

In accordance with Rule XVIII, § 3 of the Rules of Practice of the Supreme Court of Ohio, Mr. Leonard Green, Clerk of the United States Court of Appeals for the Sixth Circuit, is hereby instructed to serve copies of this certification order upon counsel for the parties and to file this certification order under the seal of this court with the Supreme Court of Ohio, along with appropriate proof of service.

III.

For the above reasons, we CERTIFY questions of state law to the Supreme Court of Ohio. It is further ordered that the district court's preliminary injunction against the enforcement of O.R.C. § 2907.31 remain in full force and effect pending further order of this court.

_____
Boyce F. Martin, Jr.
United States Court of Appeals for the Sixth Circuit