[Cite as *Am. Booksellers Found. for Free Expression v. Cordray,* 124 Ohio St.3d 329, 2010-Ohio-149.]

AMERICAN BOOKSELLERS FOUNDATION FOR FREE EXPRESSION ET AL. *v.*

CORDRAY, ATTY. GEN., ET AL.

**[Cite as *Am. Booksellers Found. for Free Expression v. Cordray,***

**124 Ohio St.3d 329, 2010-Ohio-149.]**

*R.C. 2907.31(A) as applied to electronic communications is limited to personally directed communications such as instant messages, person-to-person e-mails, and postings in private chat rooms.*

(No. 2009-0609 — Submitted October 20, 2009 — Decided January 27, 2010.)

ON ORDER from the United States Court of Appeals for the Sixth Circuit

Certifying Questions of State Law, Nos. 07-4375 and 07-4376.

_____

PFEIFER, J.

**{¶ 1}** Pursuant to S.Ct.Prac.R. 18.6, we accepted the following questions of state law certified by the United States Court of Appeals for the Sixth Circuit:

**{¶ 2}** 1. Is the Attorney General correct in construing R.C. 2907.31(D) to limit the scope of R.C. 2907.31(A), as applied to electronic communications, to personally directed devices such as instant messaging, person-to-person e-mails, and private chat rooms?

**{¶ 3}** 2. Is the Attorney General correct in construing R.C. 2907.31(D) to exempt from liability material posted on generally accessible websites and in public chat rooms?

**{¶ 4}** For the reasons that follow, we answer each question in the affirmative.

**Facts and Procedural History**

**{¶ 5}** Respondents, American Booksellers Foundation for Free Expression, Association of American Publishers, Inc., Freedom to Read Foundation, National Association of Recording Merchandisers, Ohio Newspaper Association, Sexual Health Network, Inc., Video Software Dealers Association, Web Del Sol, and Marty Klein (collectively, "American Booksellers"), filed a lawsuit in 2002 seeking to enjoin the enforcement of R.C. 2907.01(E) and (J). The district court granted a preliminary injunction. *Bookfriends, Inc. v. Taft* (S.D.Ohio 2002), 223 F.Supp.2d 932, 945. Before the appeal could be heard, the General Assembly amended the statute. The new statute, R.C. 2907.31(A), provides:

**{¶ 6}** "(A) No person, with knowledge of its character or content, shall recklessly do any of the following:

**{¶ 7}** "(1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;

**{¶ 8}** "(2) Directly offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;

**{¶ 9}** "(3) While in the physical proximity of the juvenile or law enforcement officer posing as a juvenile, allow any juvenile or law enforcement officer posing as a juvenile to review or peruse any material or view any live performance that is harmful to juveniles."

**{¶ 10}** The term "harmful to juveniles" is defined in R.C. 2907.01(E). It provides:

**{¶ 11}** "(E) 'Harmful to juveniles' means that quality of any material or performance describing or representing nudity, sexual conduct, sexual excitement, or sado-masochistic abuse in any form to which all of the following apply:

**{¶ 12}** "(1) The material or performance, when considered as a whole, appeals to the prurient interest in sex of juveniles.

**{¶ 13}** "(2) The material or performance is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles.

**{¶ 14}** "(3) The material or performance, when considered as a whole, lacks serious literary, artistic, political, and scientific value for juveniles."

**{¶ 15}** R.C. 2907.31(D) states that the prohibitions of R.C. 2907.31(A) apply to electronic forms of communication. It provides:

**{¶ 16}** "(D)(1) A person directly sells, delivers, furnishes, disseminates, provides, exhibits, rents, or presents or directly offers or agrees to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present material or a performance to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles in violation of this section by means of an electronic method of remotely transmitting information if the person knows or has reason to believe that the person receiving the information is a juvenile or the group of persons receiving the information are juveniles.

**{¶ 17}** "(2) A person remotely transmitting information by means of a method of mass distribution does not directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present or directly offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present the material or performance in question to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles in violation of this section if either of the following applies:

**{¶ 18}** "(a) The person has inadequate information to know or have reason to believe that a particular recipient of the information or offer is a juvenile.

**{¶ 19}** "(b) The method of mass distribution does not provide the person the ability to prevent a particular recipient from receiving the information."

**{¶ 20}** The parties filed cross-motions for summary judgment, and in *Am. Booksellers Found. for Free Expression v. Strickland* (S.D.Ohio 2007), 512 F.Supp.2d 1082, 1106, the federal district court permanently enjoined the enforcement of R.C. 2907.31(D). The court concluded that R.C. "2907.31(D)(1) is overbroad in violation of the First amendment" and "violates the strict scrutiny test of the First Amendment." Id. at 1094 and 1097. The court also concluded that "the phrase 'patently offensive to prevailing standards in the adult community with respect to what is suitable for juveniles' in [R.C.] 2907.01(E) is not unconstitutionally vague." Id. at 1099. The district court also concluded that R.C. 2907.31(D)(1) does not violate the Commerce Clause. Id. at 1105.

**{¶ 21}** The case was appealed to the Sixth Circuit Court of Appeals. During its consideration of the appeal, the court determined that the relevant statutes are "susceptible of a construction by [this court] 'which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem.' " *Bellotti v. Baird* (1976), 428 U.S. 132, 147, 96 S.Ct. 2857, 49 L.Ed.2d 844, quoting *Harrison v. Natl. Assn. for the Advancement of Colored People* (1959), 360 U.S. 167, 177, 79 S.Ct. 1025, 3 L.Ed.2d 1152. Accordingly, it certified the two questions set forth above to us, which we now answer.

### Analysis

**{¶ 22}** R.C. 2907.31 generally prohibits the dissemination of matter that is harmful to juveniles. The specific provisions before us address the dissemination of matter harmful to juveniles by "an electronic method of remotely transmitting

information." R.C. 2907.31(D). A person cannot be convicted of disseminating matter harmful to juveniles by electronic means unless that person "knows or has reason to believe that the person receiving the information is a juvenile or the group of persons receiving the information are juveniles." R.C. 2907.31(D)(1). This general scienter requirement is further qualified in R.C. 2907.31(D)(2), which states that a person does not violate R.C. 2907.31(D)(1) if "[t]he person has inadequate information to know or have reason to believe that a particular recipient of the information or offer is a juvenile" or if "[t]he method of mass distribution does not provide the person the ability to prevent a particular recipient from receiving the information."

{¶ 23} Based on the plain language of R.C. 2907.31(D), we answer both certified questions in the affirmative.

{¶ 24} R.C. 2907.31(D) can be violated only when matter harmful to juveniles is transmitted to someone who the sender knows is a juvenile or has reason to believe is a juvenile. The statute requires not that the sender know the recipient by name, but that the sender know or have reason to believe that the recipient is a juvenile. Of particular significance, because the certified questions are based on the manner in which the attorney general construes the statutes at issue, is a sentence in the attorney general's brief in which he claims that R.C. 2907.31(D)(2) "clarifies that a person who does not 'know or have reason to believe that a particular recipient of the information or offer is a juvenile' does not violate the statute upon transmitting harmful-to-juveniles material, even if a minor receives it." We conclude that the scope of R.C. 2907.31(D) is limited to electronic communications that can be personally directed, because otherwise the sender of matter harmful to juveniles cannot know or have reason to believe that a particular recipient is a juvenile.

**{¶ 25}** Pursuant to R.C. 2907.31(D)(2), R.C. 2907.31(D)(1) is not violated when matter harmful to juveniles is disseminated by a method of mass distribution that does not allow the sender to prevent the distribution to particular recipients. Based on our understanding of generally accessible websites and public chat rooms, they are open to all, including juveniles, and current usage and technology do not allow a person who posts thereon to prevent particular recipients, including juveniles, from accessing the information posted. The attorney general stated in his brief that R.C. 2907.31(D)(2) "exempts from prosecution people who transmit material harmful to juveniles 'by means of a method of mass distribution' when the 'method of mass distribution does not provide the person the ability to prevent a particular recipient from receiving the information.' R.C. 2907.31(D)(2)(b)." We conclude that a person who posts matter harmful to juveniles on generally accessible websites and in public chat rooms does not violate R.C. 2907.31(D), because such a posting does not enable that person to "prevent a particular recipient from receiving the information."

**{¶ 26}** The certified questions and the parties focus on particular types of electronic communications, namely, e-mail, instant messaging, private chat rooms, public chat rooms, and generally accessible websites. Our answer is accordingly constrained by that focus and should not be construed as necessarily governing other types of electronic transmissions, whether currently in use or developed in the future.

So answered.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Sonnenschein, Nath & Rosenthal, L.L.P., Michael A. Bamberger, and Richard M. Zuckerman; Sirkin, Pinales & Schwartz, L.L.P., H. Louis Sirkin, and Jennifer M. Kinsley; and Carrie L. Davis, for respondents.

Richard A. Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Elise W. Porter, Assistant Solicitor; and Ron O'Brien, Franklin County Prosecuting Attorney, and Nick A. Soulas Jr., Assistant Prosecuting Attorney, for petitioners.

_____