RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0106p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AMERICAN BOOKSELLERS FOUNDATION FOR
FREE EXPRESSION, ASSOCIATION OF
AMERICAN PUBLISHERS, INC., FREEDOM TO
READ FOUNDATION, NATIONAL ASSOCIATION
OF RECORDING MERCHANDISERS, OHIO
NEWSPAPERS ASSOCIATION, SEXUAL HEALTH
NETWORK, INC., VIDEO SOFTWARE DEALERS
ASSOCIATION, WEB DEL SOL, MARTY KLEIN,
     *Plaintiffs-Appellees/Cross-Appellants,*

    *v.*

TED STRICKLAND,
                   *Defendant,*

RICHARD CORDRAY, RON O'BRIEN,
    *Defendants-Appellants/Cross-Appellees.*

Nos. 07-4375/4376

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 02-00210—Walter H. Rice, District Judge.

Argued: December 12, 2008

Decided and Filed: April 15, 2010

Before: MARTIN and KETHLEDGE, Circuit Judges; CARR, Chief District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Benjamin C. Mizer, OFFICE OF THE OHIO ATTORNEY GENERAL,
Columbus, Ohio, for Appellants. Michael A. Bamberger, SONNENSCHEIN NATH &
ROSENTHAL LLP, New York, New York, for Appellees. **ON BRIEF:** Benjamin C.
Mizer, William P. Marshall, Michael Dominic Meuti, OFFICE OF THE OHIO
ATTORNEY GENERAL, Columbus, Ohio, for Appellants. Michael A. Bamberger,
SONNENSCHEIN NATH & ROSENTHAL LLP, New York, New York, Jennifer M.

_____

[*]The Honorable James G. Carr, Chief United States District Judge for the Northern District of
Ohio, sitting by designation.

Kinsley, H. Louis Sirkin, SIRKIN, KINSLEY & NAZZARINE, Cincinnati, Ohio, for
Appellees.

—————————————

**OPINION**

—————————————

BOYCE F. MARTIN, JR., Circuit Judge.   Plaintiffs sued Ohio's Attorney
General and county prosecutors, arguing that Ohio Revised Code § 2907.31(D)(1),
which criminalizes sending   juveniles material that is harmful to them, is
unconstitutional under the First Amendment and Commerce Clause.  The district court
permanently enjoined its enforcement "as applied to internet communications" on the
basis that it is overbroad in violation of the First Amendment.  *Am. Booksellers Found.
for Free Expression v. Strickland*, 512 F. Supp. 2d 1082, 1106 (S.D. Ohio 2007).
Defendants appealed and plaintiffs cross-appealed the district court's decision that the
law is not void for vagueness and does not violate the Commerce Clause.  We certified
the question of the scope of the statute to the Ohio Supreme Court.  *Am. Booksellers
Found. for Free Expression v. Strickland*, 560 F.3d 443, 447 (6th Cir. 2009).  The Ohio
Supreme Court issued an opinion stating that the statute applied only to personally
directed electronic communications and that it did not apply to generally accessible
communications.  *Am. Booksellers Found. v. Cordray*, 922 N.E.2d 192, at 195 (Ohio
2010).   As the scope of the statute is limited to personally directed electronic
communications, as currently available or developed in the future, we find that the
statute does not violate the First Amendment or the Commerce Clause.  For the reasons
set forth below, we **REVERSE** the district court's entry of judgment for the plaintiffs
and **REMAND** the case to the district court with instructions to vacate the permanent
injunction and enter judgment for defendants.

**I.**

Plaintiffs, who include publishers, retailers, and web site operators, originally filed a lawsuit in 2002 seeking to enjoin defendants from enforcing O.R.C. § 2907.01(E) & (J) (2002), which, at that time, prohibited the dissemination or display of "materials harmful to juveniles." The district court granted a preliminary injunction because the statute's definition of "harmful to juveniles" did not comport with the Supreme Court's test in *Miller v. California*, 413 U.S. 15 (1973), as previously applied to juveniles in *Ginsberg v. New York*, 390 U.S. 629 (1968), commonly referred to as the *Miller-Ginsberg* test. *Bookfriends, Inc. v. Taft*, 223 F. Supp. 2d 932, 945 (S.D. Ohio 2002). To determine whether something is obscene, the *Miller-Ginsberg* test asks:

> (a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 872 (1997) (quoting *Miller*, 413 U.S. at 24). Defendants appealed, but before this Court heard the case, the Ohio General Assembly amended the statute in 2003. As a result, this Court remanded the case to the district court.

As amended, Section 2907.31(A) now provides:

> (A) No person, with knowledge of its character or content, shall recklessly do any of the following:

> > (1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;

> > (2) Directly offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer

posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;

(3) While in the physical proximity of the juvenile or law enforcement officer posing as a juvenile, allow any juvenile or law enforcement officer posing as a juvenile to review or peruse any material or view any live performance that is harmful to juveniles.

Section 2907.01(E) defines "harmful to juveniles":

(E) "Harmful to juveniles" means that quality of any material or performance describing or representing nudity, sexual conduct, sexual excitement, or sado-masochistic abuse in any form to which all of the following apply:

(1) The material or performance, when considered as a whole, appeals to the prurient interest of juveniles in sex.

(2) The material or performance is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles.

(3) The material or performance, when considered as a whole, lacks serious literary, artistic, political, and scientific value for juveniles.

The two "internet provisions," sections 2907.31(D)(1) and (2), provide:

(D)(1) A person directly sells, delivers, furnishes, disseminates, provides, exhibits, rents, or presents or directly offers or agrees to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present material or a performance to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles in violation of this section by means of an electronic method of remotely transmitting information if the person knows or has reason to believe that the person receiving the information is a juvenile or the group of persons receiving the information are juveniles.

(2) A person remotely transmitting information by means of a method of mass distribution does not directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present or directly offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present the material or performance in question to a juvenile, a group of juveniles, a law

enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles in violation of this section if either of the following applies:

> (a) The person has inadequate information to know or have reason to believe that a particular recipient of the information or offer is a juvenile.
>
> (b) The method of mass distribution does not provide the person the ability to prevent a particular recipient from receiving the information.

Back in the district court, plaintiffs amended their complaint to challenge the statute as revised, and in 2003 the parties filed cross-motions for summary judgment. The district court granted both parties' motions in part and denied them in part in 2004, but it did not file its decision until September 2007. It permanently enjoined the enforcement of O.R.C. § 2907.31(D) as applied to internet communications. *Am. Booksellers*, 512 F. Supp. 2d at 1106. The court determined that the law violated the First Amendment because the internet provisions were unconstitutionally overbroad, *id.* at 1095, and because the statute failed strict scrutiny. *Id.* at 1097. The district court also concluded that the definition of "harmful to juveniles" in the new statute conformed to the *Miller-Ginsburg* standard, *id.* at 1092, and thus rejected plaintiffs' void-for-vagueness challenge. *Id.* at 1099. Finally, the court also rejected a challenge under the Commerce Clause. *Id.* at 1105. Defendants appealed and plaintiffs cross-appealed.

On March 19, 2009, following oral argument, we sua sponte certified the following questions to the Supreme Court of Ohio for review:

> (1) Is the Attorney General correct in construing O.R.C. § 2907.31(D) to limit the scope of § 2907.31(A), as applied to electronic communications, to personally directed devices such as instant messaging, person-to-person e-mails, and private chat rooms?
>
> (2) Is the Attorney General correct in construing O.R.C. § 2907.31(D) to exempt from liability material posted on generally accessible websites and in public chat rooms?

*Am. Booksellers Found. for Free Expression v. Strickland*, 560 F.3d 443, 447 (6th Cir. 2009).

On January 27, 2010, the Ohio Supreme Court answered both questions in the affirmative, holding "that the scope of [section] 2907.31(D) is limited to electronic communications that can be personally directed, because otherwise the sender of matter harmful to juveniles cannot know or have reason to believe that a particular recipient is a juvenile." *Am. Booksellers Found. v. Cordray*, 922 N.E.2d 192, 195 (Ohio 2010). The court went on to hold that "a person who posts matter harmful to juveniles on generally accessible websites and in public chat rooms does not violate [section] 2907.31(D), because such a posting does not enable that person to 'prevent a particular recipient from receiving the information.'" *Id.* (quoting O.R.C. § 2907.31(D)).

## II.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The "mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## III.

Prior to our certification of the question to the Supreme Court of Ohio, the parties fundamentally disagreed on the scope of the challenged statute and on the meaning of several of its terms. Defendants argued that plaintiffs' electronic activities did not fall within the statute's sweep because the statute only regulates "personally directed devices" such as person-to-person email and instant messaging. Plaintiffs argued that section 2907.31(D) exempts a narrower range of devices and provides no guidance about

when a person has "adequate information" that a particular recipient of the information is a juvenile.

Upon our request, the Ohio Supreme Court expressly confirmed the defendants' interpretation of the statute, first concluding that the statute "can be violated only when matter harmful to juveniles is transmitted to someone who the sender knows is a juvenile or has reason to believe is a juvenile." *Am. Booksellers*, 922 N.E.2d at 195. "The statute does not require that the sender know the recipient by name, but that the sender know or have reason to believe that the recipient is a juvenile." *Id.* The court accordingly held "that the scope of [section] 2907.31(D) is limited to electronic communications that can be personally directed, because otherwise the sender of matter harmful to juveniles cannot know or have reason to believe that a particular recipient is a juvenile." *Id.*

The Ohio Supreme Court also concluded that the statute "is not violated when matter harmful to juveniles is disseminated by a method of mass distribution that does not allow the sender to prevent the distribution to particular recipients." *Id.* The court explained that, "[b]ased on [its] understanding of generally accessible websites and public chat rooms," these fora "are open to all, including juveniles, and current usage and technology do not allow a person who posts thereon to prevent particular recipients, including juveniles, from accessing the information posted." *Id.* The court therefore held "that a person who posts matter harmful to juveniles on generally accessible websites and in public chat rooms does not violate [section] 2907.31(D), because such a posting does not enable that person to 'prevent a particular recipient from receiving the information.'" *Id.*

Essentially, the Ohio Supreme Court found that only electronic communications that are personally directed are subject to criminal prosecution under section 2907.31(D), because "otherwise the sender of matter harmful to juveniles cannot know or have reason to believe that a particular recipient is a juvenile" *Id.* at 195.

Following the Ohio Supreme Court's opinion, we requested and received supplemental briefing from the parties. In light of the Ohio Supreme Court's

interpretation of the statute, the parties are now in general agreement that the statute is constitutional under both the First Amendment and the Commerce Clause.[1]  However, just because the parties agree that a statute is constitutional does not make it so.  Instead, we must come to our own conclusion as to the constitutionality of section 2907.31(D).  As the statute is limited to personally directed communications to a person that the sender knows or should know is a juvenile, we find that the statute does not violate the First Amendment as it is not unconstitutionally overbroad or vague and it survives strict scrutiny analysis.

Because it only applies to personally directed communications, the statute is not overbroad.  To show that a statute is unconstitutionally overbroad, plaintiffs "'"must demonstrate from the text of [the statute] and from actual fact that a substantial number of instances exist in which the [l]aw cannot be applied constitutionally.'"  *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 336 (6th Cir. 2009) (en banc) (quoting *N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1, 14 (1988).  However, as the Ohio Supreme Court has confirmed that section 2907.31(D)'s application is limited to personally directed communications, plaintiffs have not demonstrated that a substantial number of instances exist in which the law cannot be applied constitutionally.  Thus, based on plaintiff's facial challenge, the statute is not unconstitutionally overbroad.

"To withstand a facial challenge [that a statute is unconstitutionally vague], an enactment must define the proscribed behavior with sufficient particularity to provide a person of ordinary intelligence with reasonable notice of prohibited conduct and to encourage non-arbitrary enforcement of the provision." *Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 557 (6th Cir. 1999).  Plaintiffs' claims that the phrases "method of mass distribution," "does not provide the person [transmitting] the ability to

---

[1]Defendants also argue that, because the statute is limited to personally directed communications, plaintiffs lack standing to bring this appeal.  However, as his affidavit says that he is sending some arguably borderline material directly to persons that he knows or should know are juveniles and is thus potentially subject to prosecution under the law, Marty Klein maintains standing to bring this claim.  Klein was a party to the First Amended Complaint, and his omission from the caption of the Second Amended Complaint does not operate to dismiss him from the case.  As Klein has standing to bring this claim, we will address the claim on the merits.

prevent a particular recipient from receiving the information," and "by means of an electronic method of remotely transmitting information" are unconstitutionally vague are dispelled by the Ohio Supreme Court's statement of the statute's limited scope. Moreover, plaintiffs' objection to the phrase "offensive to prevailing standards in the adult community as a whole with respect to what is suitable for juveniles" is not supported by law because this statute applies only to personally directed communications and it adheres to the *Miller-Ginsberg* limitations.

Moreover, as it has been confirmed that the statute does not affect constitutionally protected speech among adults, it does not trigger strict scrutiny. *See Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 69 (1973). However, even if it had, the district court was correct in holding that section 2907.31(D) would survive strict scrutiny as the law is "narrowly tailored to promote a compelling government interest." *United States v. Playboy Entm't Group*, 529 U.S. 803, 813 (2000). Ohio has an interest in preventing minors from potentially harmful materials and, as the statute applies only to personally directed communication between an adult and a person that the adult knows or should know is a minor, the statute is the least restrictive means of promoting this interest.

Additionally, we find that the statute does not violate the Commerce Clause. As section 2907.31(D) does not apply to generally accessible communications, it does not affect out-of-state actors differently than in-state actors, and the benefits to Ohio in protecting its youth from sexual predators and harmful materials certainly outweigh any effect that this law could have on interstate commerce, the statute does not violate the Commerce Clause. *See Dep't of Revenue v. Davis*, 128 S. Ct. 1801, 1808 (2008); *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)).

Thus, we find that the statute, as interpreted by the Ohio Supreme Court, is constitutional under both the First Amendment and the Commerce Clause.

Plaintiffs have one remaining concern. They argue that the Ohio Supreme Court's decision could be interpreted in a way that would render the statute's application

to emerging technology unclear and, therefore, unconstitutionally overbroad or vague. The court stated that "[t]he certified questions and the parties focus on particular types of electronic communications, namely, e-mail, instant messaging, private chat rooms, public chat rooms, and generally accessible websites. Our answer is accordingly constrained by that focus and should not be construed as necessarily governing other types of electronic transmissions, whether currently in use or developed in the future." *Am. Booksellers*, 922 N.E.2d at 195. Plaintiffs argue that this section of the Ohio Supreme Court's opinion could be interpreted to render meaningless the Court's limitation of the statute to personally directed communications, potentially leaving in doubt whether it applies to a broad range of electronic communication, including listservs, mailing lists, and websites that might not be considered generally accessible. However, the final sentences of the Ohio Supreme Court's opinion serve only to take into account the rapid evolution of electronic communication. As such, in determining whether a new communication technology or device is covered under section 2907.31(D), future courts must determine whether that technology is more similar to ones which are personally directed, like an email, or those that are generally accessible, like postings on a public website. Thus, the Ohio Court's caveat does not diminish the particularized reach of section 2907.31(D) sufficient to render the statute unconstitutional.

## IV.

We therefore **REVERSE** the district court's entry of judgment for the plaintiffs and **REMAND** the case to the district court with instructions to vacate the permanent injunction and to enter judgment for defendants.