DOWD, D., District Judge, dissenting.
I respectfully dissent.
The issue on appeal is whether the district court correctly found that Plaintiff, in a shareholder derivative action, failed to adequately allege an excuse for pre-suit demand under Tennessee Rule 23.1 and Tenn. Ann.Code § 48-17-401(b). The decision turns upon the question, “What is the Tennessee substantive law requirement for pleading futility of demand?” To put the questions in terms of the parties’ arguments, “Is the Tennessee law of refusal governed by older decisional law, or by a Delaware standard referenced in a Tennessee Appellate Court opinion after the legislature’s adoption of TenmCode Ann. § 48-17-401(b)?”
The “old" law: The Tennessee Supreme Court first addressed the issue of the test for demand futility in 1874, in the case of Deaderick v. Wilson, 67 Tenn. 108 (1874). Deaderick held that pre-suit demand is excused when the directors and officers who would be charged with responding to such a demand had been named as defendants. It is Plaintiffs position that Dead-erick remains good law and therefore demand was excused in this case where all of the directors are named as Defendants. The new law: In Lewis ex rel. Citizens Savings Bank & Trust Co. v. Boyd, 838 S.W.2d 215 (Tenn.Ct.App.1992) a Tennessee appellate court, in dicta, referenced a Delaware decision, Aronson v. Lewis, 473 A.2d 805, 814 (Del.1984), which states the Delaware test for demand futility. Defendants contend that this reference, later cases citing the Aronson test, and the Tennessee legislature’s enactment of Rule 23.06 and TenmCode Ann. § 48-17-401(b), have established Aronson as the new Tennessee law on demand futility.[1]
*642 In my view the law on demand refusal in Tennessee is, at best, conflicting, poorly developed, scant, and in need of clarification by the Tennessee Supreme Court.
I.
There is a Strong, Well-supported Argument that Deaderick Remains Good Law
To make the points quickly:
• Deaderick has never been criticized or circumscribed by any state or federal court; it has never been overruled, or abandoned by the state supreme court. The Tennessee Supreme Court has unwaveringly adhered to the Deaderick rule. See, e.g., Akin v. Mackie, 203 Tenn. 113 [310 S.W.2d 164] (Tenn.1958).
• Tennessee appellate courts and federal district courts have continued to recognize that demand is excused when suing a corporation’s directors. The Plaintiff cites four cases, including Memphis Health Center, Inc. v. Grant, No. W2004-02898-COA-R3-CV, 2006 WL 2088407, at *10 (Tenn.Ct.App. July 28, 2006) (excusing demand where 8 of 10 directors were named as defendants; the only demand futility allegations were that demand “would be futile in that the [board members] have a direct interest in continuing to breach their fiduciary duty and violate the Bylaws and federal rules and regulations, and therefore, are not independent.”) See also: In re Direct General Corporation Securities Litigation, 2005 WL 1895638 *1 (M.D.Tenn. Aug. 3, 2005) (the court cites Lewis, but states that under Tennessee law that the demand requirement is excused “when corporation’s officers and directors will themselves be defendants ...” Finding that the complaint named the officers and directors and alleged breach of fiduciary duties, abuse of control, waste of corporate assets, etc., the court held the allegations sufficient to excuse demand under Tennessee law).
• Under Erie the district court must follow Tennessee law as prescribed by the Tennessee Supreme Court. Federal courts sitting in diversity must apply the law “as expressed by the highest court of the state.” Coleman v. Western Elec. Co., Inc., 671 F.2d 980, 983 (6th Cir.1982), citing Clutter v. Johns-Manville Sales Corp., 646 F.2d 1151 (6th Cir.1981) This is because the highest court of the state is the final arbiter of what is state law.
• Federal courts must follow the law as pronounced by the state’s high court regardless of whether the federal court agrees with such law. Branch v. U.S. Fid. & Guar., Co., 198 F.2d 2007 [1007], 1011 (6th Cir.1952). The age of the governing law has no bearing on its authority. As the Third Circuit explained:
When ... there is a decision of the Supreme Court of the Commonwealth which is directly on point, we are bound by that decision. We must follow the ruling of the highest court of Pennsylvania even if the precedent is old. We must do so even if we think that the state Supreme Court would change its mind were it ever to revisit the subject. Brown & Root Braun, Inc. v. Bogan, Inc., 54 F. App’x 542, 547 (3d Cir.2002) (quoting Microvote Corp. v. Montgomery County, 942 F.Supp. 1046, 1049 (E.D.[Pa.]1996)).
• The only scenario in which a federal court may disregard the state high court’s pronouncement is when that court has itself cast doubt on its prior rulings. In this case the Tennessee Supreme Court has never cast doubt upon its ruling in Deaderick.
• The Tennessee Supreme Court has stated that its power to overrule its own decisions, “is sparingly exercised and only when the reason is compelling.” In *643 re Estate of McFarland, 167 S.W.3d 299, 306 (Tenn.2005).
II.
Lewis Did Not Overrule Deaderick or Purport to Set New Substantive Requirements
A careful reading of Lewis demonstrates it did not overrule Deaderick nor presume to do so.
First, the Leiois case involved the propriety of dismissal of an action based on a special litigation committee’s recommendation that the litigation was not in the bank’s best interests. It did not involve a derivative action. All of the statements regarding shareholder derivative actions in Lewis are dicta.
Second, Leiois did not criticize or challenge Deaderick. Indeed, in discussing the nature of a derivative action, generally, the Lewis court cited, and lauded, Deader-ick ’s rule:
Thus, the courts have excused the demand requirement when the corporation’s officers and directors will themselves be defendants or when the officers and directors are in collusion with those who have injured the corporation ... Deaderick v. Wilson, 67 Tenn. at 130.
Lewis v. Boyd, at 221 (internal citations partially omitted).
The Delaware demand futility test described (but not used) in Lewis significantly differs from that announced in Tennessee Supreme Court decisions, and the multiple lower court decisions that relied upon Deaderick. Lewis, as an inferior court, had no ability to overrule Deader-ick, and did not purport to do so.
III.
Despite Deaderick’s Authority, Several Lower Tennessee Courts Have Relied Upon Lewis and Adopted Some Version of the Aronson Test
Despite Deaderick’s continuing vitality as precedent, several lower courts have relied upon the dicta in Lewis and adopted some form of the Aronson test as Tennessee’s test for demand futility in a stockholder derivative case.
The district court stated, “Lewis appears to state the test for demand futility in Tennessee” because of its citation in McCarthy v. Middle Tennessee Electric Membership Corp., 466 F.3d 399 (6th Cir. 2006); Lay v. Burley Stabilization Corp., No. 3:09-cv-252, 2010 WL 2639931 (E.D.Tenn. June 28, 2010); Duvall v. Eco-quest International, Inc., No. 4:06 CV 1168, 2007 WL 2811052 (E.D.Mo. September 24, 2007), and Humphreys v. Plant Maintenance Services, Inc., No. 02A01-98-ll-cv-00323, 1999 WL 553715 (Tenn. Ct.App. July 30,1999).
Despite this caselaw, there are arguments this handful of cases did not overturn Deaderick:
Again, to put each matter briefly:
• The repetition of the incorrect legal standard does not lend credence to a nonbinding and inapposite decision.
• None of these cases acknowledged or discussed Lewis as a substantial departure in Tennessee law. The limited analysis of these cases “means they are without a great deal of value as persuasive authority.” Versatile Housewares & Gardening Sys., Inc. v. Thill Logistics Inc., 819 F.Supp.2d 230 (S.D.N.Y.2011).
• Lay, Duvall and Humphreys are unpublished opinions and have no precedential value. Patton v. McHone, 822 S.W.2d 608, 615, n. 10 (Tenn.Ct.App.1991) (an unpublished opinion of a Tennessee *644 Court of Appeals has no precedential value except to the parties in the case).
• The citation to Lewis in several of these cases is only in dicta—e.g., in McCarthy, Lewis is only cited for the proposition that shareholders should make a pre-suit demand; in Humphreys’s the complaint was dismissed because it was unverified.
IV.
Defendant Introduces a Novel Argument Regarding Statutory Interpretation: That the Enactment of Tennessee’s Rule 23.06 and Tenn.Code Ann. § 48-17-401(b) Abrogate or Modify the Deader-ick Rule
In their appellate brief, Defendants argue for the first time that the Tennessee legislature’s enactment of Rule 23.06 and Tenn.Code Ann. § 48-17-401(b) abrogated the Deaderick holding, altering the substantive law of Tennessee. Defendants cite no legislative history in which Deader-ick is mentioned. Defendants cite no case holding that these code sections alter Tennessee’s substantive law on demand refusal. The Tennessee Supreme Court has not addressed the issue. This novel argument creates a question of first impression in the interpretation of these state statutes, and addresses it to a federal court.
There is a strong argument that the adoption of these code sections did not create a conflict with pre-existing Tennessee law. As the Supreme Court explained in Kamen v. Kemper Fin. Servs. Inc., 500 U.S. 90, 108-109, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), Federal Rule 23.1, which requires statement “with particularity” of efforts to obtain the desired action from the directors and “the reasons for not obtaining the action or not making the effort” does not define the substantive contours of the demand requirement. Tennessee Rule 23.06 is identical to the federal rule. Similarly, § 48-17-401(b) only requires that a plaintiff in a derivative action “allege with particularity that demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why the person did not make the demand.” These statutes specify the degree of particularity with which a plaintiff in a derivative action must allege the requirements of the state substantive law on demand, but they did not specify what the state requirements must be.
Defendants cite no ease law authority discussing the relationship between Tennessee Rule 23.06 and § 48-17-401(b). The only authority discussing the relationship between these statutes and Deaderick that has been located, is the Lewis case, relied upon heavily by Defendants. Lewis described the Deaderick holding as consistent with—indeed, embodied in—Tennessee’s corporations statute § 48-27-401(b) and Tennessee’s Rule of Civil Procedure 23.06. Thus, far from finding that these later statutes modified or repealed the substantive requirements established by the decisional law, the Lewis court found them to be expressed in the later statutory enactments. But, eoncededly, Lewis did not undertake an extended analysis of the relationship, and as with all of the statements regarding derivative actions in Lewis, the court’s statement is dicta.
y.
Because of the Conflicting and Scant Case Law The Question of the Substantive Requirements for Demand Futility in Tennessee Should be Certified to the Tennessee Supreme Court
Only two things are absolutely clear: 1) no Tennessee court has undertaken a thoughtful, sustained analysis of the relationship between Deaderick and Aronson or Deaderick and Tennessee’s corporations statute § 48-27-401(b) and Tennessee’s Rule of Civil Procedure 23.06, and 2) the *645 question of the substantive requirements of Tennessee’s demand futility test is exclusively a matter of state law.
When a new and unsettled question regarding state substantive law and state statutory interpretation is presented, particularly where there is insufficient well-reasoned authority state law authority to allow the federal court to make a clear and principled decision, it is appropriate to refer that question to the court that is the ultimate authority on Tennessee law: the Tennessee Supreme Court. American Bookseller’s Foundation for Free Expression v. Strickland, 560 F.3d 443, 446 (6th Cir. 2009).
The United States Supreme Court has recognized that “certification of novel or unsettled questions of state law for authoritative answers by the State’s highest court ... may save ‘time, energy and resources and help build a cooperative judicial federalism.’ ” Arizonans for Official English v. Arizona, 520 U.S. 43, 77, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) citing and quoting Lehman Brothers v. Schein, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974). As the Tennessee Supreme Court said in 2012, “[Ajnswering certified questions from federal courts promotes judicial efficiency and comity and also protects this state’s sovereignty.” Renteria-Villegas v. Metropolitan Government of Nashville and Davidson County, 382 S.W.3d 318, 320 (Tenn.2012), citing Haley v. Univ. of Tenn. -Knoxville, 188 S.W.3d 518, 521 (Tenn.2006). The Sixth Circuit has identified still another advantage to certification: referral of uncertain question of state law to the state supreme court “avoids the potential for friction-generating error.” Planned Parenthood of Cincinnati Region v. Strickland, 531 F.3d 406, (6th Cir.2008)
Rather than trying to predict how the Tennessee Supreme Court would rule, I recommend this court sua sponte certify to the Tennessee Supreme Court, under Rule 23 of the Tennessee Supreme Court Rules, the questions posed initially: What is the Tennessee substantive requirement for pleading futility of demand? Is it governed by Deaderick, by a Delaware standard referenced in a Tennessee Appellate Court opinion after the legislature’s adoption of Tenn.Code Ann. § 48-17-401(b), or some other test? Only the Tennessee Supreme Court can provide an authoritative answer to these questions, and it should be allowed to do so.

. There also is dispute in the case as to the terms of the Aronson test; as interpreted by the Defendants, the Aronson test would require plaintiff to establish a reasonable doubt that "(1) the directors are disinterested and independent and (2) the challenged transac-lion was otherwise the product of a valid exercise of business judgment.” The test, as used in Delaware, is disjunctive, that is, a plaintiff needs to establish a reasonable doubt as to only one of the elements.